**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 2:08-cr-00283-RCJ-PAL-3 |
| vs. | ) | 2:08-cr-00283-RCJ-PAL-5 |
| | ) | |
| MARKETTE TILLMAN et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

On October 28, 2008, a federal grand jury returned an Indictment charging Defendants with having engaged in a RICO enterprise, the "Playboy Bloods" street gang. Defendants Jacorey Taylor and Markette Tillman (collectively, "Defendants") have also been charged with committing a violent crime, murder, in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(1) and (a)(2). Defendants await trial in April 2013. The Attorney General has declined to pursue the death penalty against them. The other eight Defendants have pled guilty to various charges, and any remaining charges against them have been dismissed.

Three motions are pending before the Court. First, the United States asks the Court to order Tillman and Taylor to submit to physical examinations, i.e., to permit the FBI to photograph tattoos that may indicate their membership in the Playboy Bloods. The United States notes that the Court previously denied a motion to exclude such evidence. The United States notes that it could simply ask Defendants to display the tattoos to the jury at trial but that

presenting the evidence via photographs will be less disruptive and intrusive. Defendants have not responded. The forced display of tattoos does not constitute compelled testimony under the Fifth Amendment. *See, e.g.*, *United States v. Bay*, 762 F.2d 1314, 1315 (9th Cir. 1985). The Court grants the motion.

Second, the United States has asked the Court for an order directing the FBI to examine a telephone purportedly belonging to Tillman. Tillman has previously requested that the phone be examined and filed a motion for the United States to turn the phone over to him for testing. The Court noted that the United States should be permitted to test the phone before turning it over to the defense. Tillman objected that the United States' testing methods could damage the phone or the evidence on it. The United States explained to the defense the testing methods it intended to employ but refused to permit a defense expert to be present during its tests as requested. The United States has attached a proposed order for the Court to sign. (*See* Proposed Order, ECF No. 800, at 4). The Court grants the motion. Defendant will receive the test results and the phone itself after the United States' tests. Defendant retains the right to cross-examine the forensic examiner and argue the accuracy of the tests to the jury.

Third, the United States asks the Court to rule that certain testimony will be admissible at trial. Defendant has not responded. The Court grants the motion, noting that in limine rulings are provisional and that circumstances could arise at trial making admission of the testimony improper. The proffered testimony is the previous testimony of an unavailable witness. Tillman has been tried in state court for the murder of security guard Brian Wilcox in the Eighth Judicial District Court, Case No. C199660. Wilcox's fellow security guard Jordan Boyd testified against Tillman at that trial, and Tillman cross-examined him. Boyd died in a motorcycle accident in 2006. The prior testimony of an unavailable witness is admissible as a hearsay exception if the party against whom the testimony is offered had an opportunity and similar motive to develop the testimony by cross-examination when the testimony was given. Fed. R. Evid. 804(b)(1). Boyd is

unavailable, and Tillman had an opportunity and similar motive to cross-examine Boyd at his previous trial. And because the Rule itself incorporates an opportunity-to-cross-examine requirement, the Sixth Amendment is no additional barrier to admission under the *Crawford* line of cases.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Non-testimonial Evidence (ECF No. 798) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Order Examination (ECF No. 800) is GRANTED.

IT IS FURTHER ORDERED that the Motion in Limine (ECF No. 805) is GRANTED.

IT IS SO ORDERED.

DATED: This 25th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge