# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 2:08-cr-00283-RCJ-PAL-1 |
| vs. | ) | 2:08-cr-00283-RCJ-PAL-1**0** |
| | ) | |
| DELVIN WARD et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

On October 28, 2008, a grand jury returned an Indictment charging Defendants with having engaged in a RICO enterprise, the "Playboy Bloods" street gang. Pursuant to plea agreements, the Court sentenced Defendants Delvin Ward and Terrence Thomas for the RICO conspiracy and dismissed the other charges against them. They have now separately asked the Court to resentence them in accordance with United States Sentencing Guideline Amendment 750.

**I.    PROCEDURAL HISTORY**

**A.    Ward**

On October 14, 2010, the Court adjudicated Ward guilty of one count of RICO Conspiracy pursuant to 18 U.S.C. § 1962(d) and dismissed all other counts pursuant to a plea agreement, (*see* Ward Plea Mem., June 1, 2010, ECF No. 348), sentencing him to one-hundred thirty-two (132) months imprisonment, to be followed by three (3) years of supervised release,

(*see* J., Oct. 14, 2010, ECF No. 401). Defendant and the United States agreed as to which sentencing guideline factors applied. (*See* Ward Plea Mem. 2–3). Specifically, they agreed that the base offense level was 30 under U.S.S.G. §§ 2E1.1(a)(2) and 2D1.1(c)(5), because the RICO activity involved the distribution of greater than 50 grams but less than 150 grams of cocaine base. (*See id.* 2). Ward waived the right to appeal any sentence imposed within the guidelines and "all collateral challenges" concerning any aspect of his conviction and sentence, except non-waivable claims of ineffective assistance of counsel. (*See id.* 4).

### B. Thomas

On June 24, 2010, the Court adjudicated Thomas guilty of one count of Drug Conspiracy pursuant to 18 U.S.C. § 846 and dismissed all other counts pursuant to a plea agreement, (*see* Thomas Plea Mem., Mar. 9, 2010, ECF No. 314), sentencing him to the statutory minimum of one-hundred twenty (120) months imprisonment, to be followed by five (5) years of supervised release, (*see* J., June 24, 2010, ECF No. 359). Defendant and the United States agreed as to which sentencing guideline factors applied. (*See* Thomas Plea Mem. 2–3). Specifically, they agreed that the base offense level was 30 under U.S.S.G. § 2D1.1(c)(4), because the drug conspiracy involved the distribution of greater than 50 grams but less than 150 grams of cocaine base. (*See id.* 2). Ward waived the right to appeal any sentence imposed within the guidelines and "all collateral challenges" concerning any aspect of his conviction and sentence, except non-waivable claims of ineffective assistance of counsel. (*See id.* 4).

## II. LEGAL STANDARDS

Amendment 750, located in Volume III of Appendix C to the United States Sentencing Guidelines, states in relevant part:

> Part A re-promulgates without change the emergency, temporary revisions to the Drug Quantity Table in §2D1.1 and related revisions to Application Note 10 to account for the changes in the statutory penalties made in section 2 of the Act. Section 2 of the Act reduced the statutory penalties for offenses involving manufacturing or trafficking in crack cocaine by increasing the quantity thresholds required to trigger a mandatory minimum term of imprisonment. The quantity

threshold required to trigger the 5-year mandatory minimum term of imprisonment was increased from 5 grams to 28 grams, and the quantity threshold required to trigger the 10-year mandatory minimum term of imprisonment was increased from 50 grams to 280 grams. *See* 21 U.S.C. §§ 841(b)(1)(A), (B), (C), 960(b)(1), (2), (3). U.S.S.G. app. C, vol. III, at 393.

Amendment 750 is retroactive and therefore permits resentencing under 18 U.S.C. § 3582(c)(2). Defendants have via their respective plea agreements waived any appeals of or collateral attacks against their sentences, except for ineffective assistance of counsel. The Court of Appeals has ruled, however, that these kinds of broad waivers do not encompass motions under § 3582(c)(2), which are neither "appeals" nor "collateral." *See United States v. Lightfoot*, 626 F.3d 1092, 1094–95 (9th Cir. 2010). Motions under § 3582(c)(2) are only waived if the waiver specifically identifies that section. *United States v. Malone*, 2012 WL 6760000, at *1 (9th Cir. Dec. 19, 2012).

### III. DISCUSSION

As the United States notes, because Thomas was sentenced to the mandatory minimum, a retroactive application of the guidelines cannot benefit him as a factual matter. The Court therefore denies Thomas's motion. Ward filed his motion *in pro se* on October 24, 2011. The motion is a one-page request for retroactive application of Amendment 750 with no detailed argument. The Court appointed the Federal Public Defender ("FPD") to represent Ward for the purposes of his motion and ordered the U.S. Probation Office to prepare a supplemental presentence report, which the Court has received. When the FPD declined the appointment due to a conflict, the Court appointed Attorney Jonathan L. Powell to represent Ward pursuant to the Criminal Justice Act. (*See* Order, Mar. 22, 2012, ECF No. 682). No further pleadings concerning the matter appear in the record.

The Court in its discretion denies Ward's motion. The policy behind Amendment 750 is the elimination of the discrepancy between crack and powder cocaine sentences. That concern is at its apex where the crime consists of mere possession. The concern is at its nadir here, where

Defendant's crime was not mere possession of the substance, but participation in a conspiracy to not only possess and distribute the substance (and potentially powder cocaine and other illegal substances, as well), but also to commit violent crimes in furtherance of the conspiracy. The gravamen of Defendant's crime was not the possession of the substance, but participation in an ongoing, violent criminal organization.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions for Modification of Sentence (ECF Nos. 550, 629, 725) are DENIED.

IT IS SO ORDERED.

Dated this 6th day of May, 2013.

_____
ROBERT C. JONES
United States District Judge