UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MARKETTE TILLMAN et al., ) <br> ) <br> Defendants. ) <br> ) | 2:08-cr-00283-RCJ-PAL-3 <br><br> **ORDER** |

On October 28, 2008, a federal grand jury returned an Indictment charging Defendants with having engaged in a RICO enterprise, the "Playboy Bloods" street gang. Defendant Markette Tillman has also been charged with committing a violent crime, murder, in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(1) and (a)(2). Eight Defendants have pled guilty to various charges, and one Defendant has been convicted by a jury. Tillman awaits trial and has now moved for the Court to dismiss the Indictment for a violation of his right to a speedy trial. For the reasons given herein, the Court denies the motion.

**I.      PROCEDURAL HISTORY**

The grand jury indicted Tillman and his nine co-Defendants on October 28, 2008. (*See* Indictment, ECF No. 1). The magistrate judge arraigned Tillman on November 7, 2008 when he was brought to court from the custody of the State of Nevada pursuant to a writ of habeas corpus ad prosequendum. (*See* Min., ECF No. 61). Tillman was represented by Attorney Bret Whipple,

appointed pursuant to the Criminal Justice Act ("CJA"), and he pled not guilty. (*See id.*). On December 12, 2008, the Court set a trial date of December 23, 2008. (*See* Order, ECF No. 111). The same day, Tillman stipulated to a continuance and exclusion of time for speedy trial purposes under 18 U.S.C. § 3161, which stipulation the Court granted, resetting the trial date for August 4, 2009. (*See* Stip., ECF No. 112; Order, ECF No. 122). Because the United States had not yet foreclosed the possibility of seeking the death penalty, the magistrate judge appointed Attorney John R. Grele as Tillman's second counsel on January 13, 2009. (*See* Mins., ECF No. 117; Order, ECF No. 123). On July 21, 2009, Tillman stipulated to another continuance and exclusion of time, which stipulation the Court granted, resetting the trial date for March 9, 2010. (*See* Stip., ECF No. 182; Order, ECF No. 190). Defendants Nix, Wigg, Thomas, Ward, Mabry, and Burks pled guilty to various charges and were sentenced on various dates throughout 2010.

On March 11, 2011, the United States announced it would not seek the death penalty, and the Court set Tillman's trial for April 23, 2012, noting that Attorney Grele, and not Attorney Whipple, would remain as trial counsel for Tillman. (*See* Mins., ECF No. 486). In June 2011, Attorney Grele moved to withdraw, but he withdrew that motion in July 2011 when the events precipitating his need to withdraw were resolved. (*See* Mot. Withdraw, ECF No. 497; Mins., ECF No. 501). On September 1, 2011, Tillman stipulated to another continuance and exclusion of time, which stipulation the Court granted, resetting the trial date for December 3, 2012. (*See* Stip., ECF No. 503; Mins., ECF No. 633; Stip., ECF No. 640; Order, ECF No. 641). On January 24, 2012, the United States filed the Superseding Indictment, to which Tillman pled not guilty. (*See* ECF Nos. 650, 661). The Court later reset Tillman's trial to April 15, 2013, and Tillman waived time. (*See* Mins., ECF No. 759). The Court later reset the trial for April 8, 2013. (*See* Mins., ECF No. 794). On February 27, 2013, the Court disappointed Attorney Grele based upon, *inter alia*, his implied threat not to provide competent representation if the Court did not approve extraordinary expenditures, referring the matter to the State Bar of California. (*See* Order, ECF

No. 807). The Court appointed Attorney Lance Maningo to represent Tillman pursuant to the CJA. (*See* Order, ECF No. 811). The Court granted Tillman's motion to continue trial and exclude time, resetting trial for September 23, 2013. (Mins., ECF No. 820). Defendants Dunlap and Booth then pled guilty to various charges and were sentenced in April 2013. In May 2013, a jury convicted Defendant Taylor of various charges. Taylor's sentencing is currently scheduled for the same day as the hearing on the present motion. The Court has granted Tillman's motion to continue trial and exclude time, resetting trial for November 18, 2013, the current trial setting. (Mins., ECF No. 912). Tillman has asked the Court to dismiss the Superseding Indictment for a violation of his speedy trial rights.

## II.  LEGAL STANDARDS

"The factors to be considered [in determining whether speedy trial rights have been violated] include: (1) the length of the delay; (2) the reasons for the delay; (3) the accused's assertion of the right to speedy trial; and (4) the prejudice caused by the delay. No single factor is necessary or sufficient." *McNeely v. Blanas*, 336 F.3d 822, 826 (9th Cir. 2003) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

## III.  ANALYSIS

The Court denies the motion. Throughout this case, in addition to his various stipulations to continue the trial date and accompanying waivers of time, Tillman has filed at least twenty-five (25) substantive motions, as well as at least twelve (12) motions to extend time. No delays in this case have been due to any government foot-dragging. Tillman has agreed to all continuances and in fact requested several of them himself, including his latest such motion to continue the trial, filed during the pendency of the present motion itself. Last month, when counsel asked the Court to continue Tillman's trial again, the Court refused when it became clear that Tillman himself would not agree. The Court thereby honored Tillman's very first assertion of his right to a speedy trial. Although the case has been pending for approximately five years,

there has simply been no meaningful delay in this case over Tillman's objections. Tillman's own discovery practice and pre-trial motions are as responsible as any actions of the United States for any delay in this case. The recent seven-month delay due to the latest continuance from April 2013 to November 2013, which delay cannot be attributed to Defendant, was a result of the Court's concern that Defendant's previous counsel would not competently represent him. Although Tillman initially verbally objected at the hearing where the Court disappointed Attorney Grele, Tillman has since asked the Court to continue the trial at least three more times. The only prejudice here is the prejudice inherently suffered via pre-trial detention of any potentially innocent defendant, not any impairment of Tillman's defense. If anything, the delay has given the defense more time to prepare. But, as noted *supra*, Tillman repeatedly waived a speedy trial in this case until at least February 2013, if not until September 2013. And he appears to have waived even his February 2013 assertion of the right by his multiple requests to continue the trial since.

Finally, as noted, *supra*, Tillman has again asked the Court to continue trial, while simultaneously maintaining his claim of a violation of his speedy trial rights. The Court granted the motion to continue trial via minute order after the consolidated hearing on that motion and the motion to dismiss.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 956) is DENIED.

IT IS SO ORDERED.

Dated this 22nd day of October, 2013.

_____
ROBERT C. JONES
United States District Judge